# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE VANS,<br><br>    Respondent. | 1:08-cv-00316-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO VOLUNTARILY DISMISS AMENDED PETITION  (Doc. 19)<br><br>FINDINGS AND RECOMMENDATIONS TO  DENY RESPONDENT'S MOTION TO DISMISS AS MOOT (Doc. 12)<br><br>ORDER DIRECTING OBJECTIONS BE FILED WI THIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on February 29, 2008. (Doc. 1).  On March 31, 2008, Petitioner filed his first amended petition.  (Doc. 7).  On May 14, 2008, the Court ordered Respondent to file a response.  (Doc. 8).  On July 10, 2008, Respondent filed a motion to dismiss, contending that Ground One was not cognizable in habeas proceedings and that Grounds Two and Three were not exhausted in state court.  (Doc. 12).  On October 31, 2008, Petitioner filed the instant motion for dismissal of the amended petition.  (Doc. 19).

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a).  Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper.  Id.

1    Here, no answer has been served or filed.  However, Respondent had already filed a
2 motion to dismiss by the time Petitioner filed his own motion to dismiss.  Accordingly, dismissal
3 must be with leave of Court.
4    Although Petitioner does not provide any grounds for dismissal, the chronology cited
5 above suggests that Petitioner has read Respondent's motion to dismiss and has concluded that
6 the motion has merit.  Indeed, if Ground One is not cognizable and the remaining grounds are
7 unexhausted, Respondent's motion to dismiss would have to be granted in any event and the
8 petition dismissed.  Whether dismissal is the result of Respondent's motion to dismiss or
9 Petitioner's, the result would be the same.  Accordingly, the Court concludes that good cause
10 exists for granting  Petitioner's motion to dismiss.  Therefore, Respondent's motion to dismiss
11 would become moot and should be denied as such.
12    That having been resolved, the Court is obliged to inform Petitioner that federal petitions
13 have various requirements that need to be met, including exhaustion of state remedies (see, 28
14 U.S.C. § 2254(b)), not filing second or successive petitions except under specified circumstances
15 (see, 28 U.S.C. § 2244(a) and (b)), and filing within the pertinent statute of limitations (see, 28
16 U.S.C. § 2244(d)).
17    In electing to dismiss the amended petition, Petitioner would not be barred from returning
18 to federal court by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner,
19 101 F.3d 1323 (9th Cir. 1996); Sanders v. United States, 373 U.S. 1, 17, 83 S. Ct. 1068 (1963)
20 (holding that the doctrine of writ abuse is not implicated "if the same ground was earlier
21 presented but not adjudicated on the merits");  Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir.1996)
22 (holding that a dismissal on procedural grounds (exhaustion) without prejudice has no preclusive
23 effect on subsequent petitions); Slack v. McDaniel, 529 U.S. 473, 486-487, 120 S. Ct. 1595
24 (2000). Generally, a dismissal of a case on procedural grounds without determination of the
25 merits of a petition does not bar a second petition.
26     Regarding exhaustion, any new or subsequent petition should, of course, contain only
27 claims that have been fully exhausted in state court.  A petitioner can satisfy the exhaustion
28 requirement by providing the highest state court with a full and fair opportunity to consider each

claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose v. Lundy, 455 U.S. 509, 521-522, 102 S. Ct. 1198 (1982).

With respect to the statute of limitations, Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. The limitations period is not tolled for the time an application for petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120 ((2001).

**RECOMMENDATIONS**

Accordingly, IT IS RECOMMENDED as follows:

1. Petitioner's motion for voluntary dismissal (Doc. 19), be GRANTED;

2. The amended petition for writ of habeas corpus (Doc. 7), be DISMISSED without prejudice; and

3. Respondent's motion to dismiss (Doc. 12), be DENIED as MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections

///

///

///

within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2008**                                         **/s/ Theresa A. Goldner**
                                                                                     UNITED STATES MAGISTRATE JUDGE